IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AL BURROWS**,

    Plaintiff,

vs.                                              No. 10cv522 MCA/LAM

**VERIZON WIRELESS,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Al Burrows' *Motion for Leave to File Plaintiff's First Amended Complaint* [Doc. 25], filed July 23, 2010. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

## I. BACKGROUND

On April 20, 2010, Plaintiff Al Burrows filed *Plaintiff's Original Complaint for Unreasonable Debt Collection Efforts* against Defendant Verizon Wireless in the First Judicial District Court, State of New Mexico, County of Santa Fe. [See Doc. 1; Exh. 2]. Verizon Wireless was served with a copy of the complaint on April 30, 2010 and, pursuant to 28 U.S.C. § 1446(b), timely removed the matter to this Court on May 28, 2010. [Doc. 1 at 2].

According to Mr. Burrows, on or about July 23, 2009, "Defendant Verizon Wireless, its employees, representative, authorized agents, and/or servants" telephoned him at his home

to inform Mr. Burrows that the collection of a debt allegedly owed Verizon Wireless by Mr. Burrows' relative "had been turned over to them in their regular business of collection of debts." [Doc. 1; Exh. 2 at 2]. Mr. Burrows contends that the caller was abusive, vulgar, harassing, and intimidating, and that this action has caused him, among other things, "mental anguish, fear, intimidation, and . . . loss of earning capacity." [Id.]. As a result, Mr. Burrows has sued Verizon Wireless for (1) unreasonable collection efforts; (2) violations of the New Mexico Unfair Practices Act; (3) violations of the federal Fair Debt Collections Act; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. [Id.; Exh. 2 at 2-4].

On June 1, 2010, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Verizon Wireless filed *Defendant Verizon Wireless (VAW) LLC's Disclosure Statement*, in which it certified that "[t]he sole member of Verizon Wireless (VAW) LLC, d/b/a/ Verizon Wireless, is Cellco Partnership, a Delaware general partnership." [Doc. 3].

Thereafter, on July 23, 2010, Mr. Burrows filed the motion that is currently before this Court, seeking to amend his complaint to add additional claims and causes of action against Verizon Wireless, as well as "related Verizon entities" that he believes are necessary and proper parties in this case. [See Doc. 25 at 1]. Those "related Verizon entities" that should be added are Verizon Communications, Inc. and Vodafone Group PLC, the entities that Mr. Burrows says own and control Cellco. Mr. Burrows "also seeks to add employees, agents and representatives of the Defendants, whose identities are unknown at this time, who may have been involved in the conduct made the basis of this suit." [Id.].

2

Verizon Wireless, which filed its *Answer* on June 4, 2010, [see Doc. 5], objects to the proposed addition of Verizon Communications and Vodafone on grounds that these entities (1) are holding companies that are legally separate and apart from Verizon Wireless; (2) have no nexus to the alleged debt-collection call in question; and (3) lack sufficient contacts with the State of New Mexico, such that it would be inappropriate for this Court to exercise jurisdiction over them. [Doc. 27 at 4-7]. For these reasons, Verizon Wireless argues that Mr. Burrows' proposed amendments would be futile, and therefore his motion should be denied. [See id. at 7-8 ("At this juncture, [Mr. Burrows] must show that his proposed amendment is not futile.")].

## II. ANALYSIS

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, once an answer or other responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Because Rule 15(a)(2) expressly provides that district courts "should freely give leave when justice so requires[,]" such courts "may withhold leave to amend only for reasons such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" Cohen v. Longshore, --- F.3d ----, 2010 WL 4069365, at *1 (10th Cir. Oct. 19, 2010) (*quoting* Foman v. Davis, 371 U.S. 178, 182)). Since Verizon Wireless has already filed its *Answer*, [see Doc. 5], Mr. Burrows requires leave of this Court to amend his complaint.

As an initial matter, the Court notes that Verizon Wireless does not oppose Mr. Burrows' proposed amendments on grounds of undue delay; bad faith; dilatory motive on Mr. Burrows' part; repeated failure to cure deficiencies; or undue prejudice toward Verizon Wireless by virtue of allowing the amendments.  Nor does Verizon Wireless oppose amending the complaint to include the additional *claims* asserted (liability under a theory of *respondeat superior*; negligent hiring, retention, and supervision; and invasion of privacy/intrusion upon seclusion). [Doc. 27 at 3 n.3 ("Verizon Wireless does not oppose [Mr. Burrows'] attempt to allege these new claims at this time[. but] reserves its right to subsequently challenge these new claims.")].  Instead, Verizon Wireless urges the Court to find that the proposed addition of Verizon Communications and Vodafone *as parties* would be futile because (1) the proposed allegations asserted against them will not withstand any future motion to dismiss; and (2) neither Verizon Communications or Vodafone is amenable to this Court's jurisdiction. [See id. at 8 (insisting that Mr. Burrows' proposed first amended complaint fails to "allege any legally cognizable facts as to these entities"); and at 10 (deeming proposed amendments "futile because this Court cannot exercise personal jurisdiction over either holding company")].

The Tenth Circuit has held that "'[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007) (*quoting* Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)).  At the same time, however, Rule 15 which, again, contemplates "freely give[n] leave when justice so requires[,]" Fed.R.Civ.P. 15(a)(2), "was promulgated to provide the maximum opportunity

4

for each claim to be decided on its merits rather than on procedural niceties." Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982); see also Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kansas, 2008 WL 1867984, at *4 (D.Kan. Apr. 24, 2008) (explaining that, while decision "whether to allow a proposed amendment addresses the sound discretion of the court[, i]n exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.").

In this case, the Court has thoroughly examined the pleadings, considered the parties' arguments, studied the authorities cited by them, and conducted its own independent research on the issue. And while the Court concludes that the facts of the matter present a close call, the Court nevertheless determines that, under the circumstances, the wiser course is to grant Mr. Burrows' motion to amend, reserving any decision as to whether (1) the amended complaint fails to state a claim or is otherwise subject to dismissal; and/or (2) the Court lacks jurisdiction over Verizon Communications and Vodafone, until the appropriate motions, if any are forthcoming, are filed by these parties. While it may indeed be the case that Mr. Burrows ultimately is unable to state a claim upon which relief may be granted with respect to Verizon Communications and Vodafone, and it also may be that this Court lacks jurisdiction over those parties, these are not decisions that the Court is prepared to make at this time, given that (1) this proceeding is in the relatively early stages; (2) the determinations that Verizon Wireless now asks the Court to make appear to be highly dependent on the interconnectedness, if any, between and among Verizon Wireless, Verizon Communications,

Vodafone, and Cellco; (3) record evidence, in the form of Verizon Communications Securities and Exchange Commission Form 10-K, indicates that "Cellco Partnership, doing business as Verizon Wireless . . . is a joint venture formed . . . by the combination of the U.S. wireless operations and interests of Verizon and Vodafone[;]"[1] and (4) the precise nature of the relationships between and among the entities in question remains to be sorted out.

As previously explained, Verizon Wireless has not asserted—and this Court cannot and does not conclude—that Mr. Burrows has engaged in any of the sort of conduct (undue delay, bad faith, dilatory motive, etc.) that would cause the Court to withhold leave to amend. As for the issue of futility, the Court is not prepared to say at this early point in the proceedings that "it is 'patently obvious' that [Mr. Burrows] could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Cohen, --- F.3d ----, 2010 WL 4069365, at *3 (10th Cir. Oct. 19, 2010) (internal quotations omitted). Accordingly, the Court will grant Mr. Burrows' motion for leave to file his first amended complaint.

## III. CONCLUSION

For the reasons set forth more fully above, the Court will grant Al Burrows' *Motion for Leave to File Plaintiff's First Amended Complaint* [Doc. 25].

**IT IS, THEREFORE, ORDERED** that the *Motion for Leave to File Plaintiff's First Amended Complaint* [Doc. 25] is **GRANTED**.

---

[1] See Doc. 29; Exh. A at 3.

**SO ORDERED** this 17th  day of November, 2010, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge