IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AL BURROWS,**

        **Plaintiff,**

vs.                                         No. CIV-10-0522 MCA/LAM

**VERIZON WIRELESS,**

        **Defendant.**

**<u>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL</u>**

        **THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Defendant Verizon Wireless (VAW) LLC to Fully Respond to Plaintiff's Discovery Requests (Doc. 64)*, filed on July 11, 2011. Defendant filed a response to the motion on August 18, 2011 [*Doc. 80*], and Plaintiff filed a reply on August 25, 2011 [*Doc. 82*]. Having considered the motion, response, reply, relevant law, and the record of this case, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**.

        After Plaintiff filed his motion to compel, the parties worked together to resolve most of the issues raised in that motion. The parties agree that the remaining requests to which Plaintiff seeks Defendant's responses are: (1) Complaints (a) filed in state or federal court against Verizon Wireless for the past five years for unlawful or improper debt collection activity where the allegation pertained to abuse, harassment, intimidation, threats or cursing, and (b) for debt collection activity made by customers of Verizon Wireless to Verizon Wireless for the past five years which were escalated internally to either a supervisor or manager where the complaint pertained to abuse,

harassment, intimidation, threats or cursing;[1] and (2) Interrogatory No. 19: "List all states in which you do business, indicate whether any license is required to operate as a debt collection agency in said state(s), and if so, whether you have been issued such a license." *See* [*Doc. 80* at 5-6 and *Doc. 82* at 2, 4, and 10]. Defendant objects to these requests because it contends that they are irrelevant and unduly burdensome.

### 1.  *Request for Complaints against Defendant*

Defendant states that it conducted an investigation for complaints filed against it by the Federal Trade Commission and provided Plaintiff the results of that investigation. [*Doc. 80* at 8]. Defendant contends that Plaintiff's request for state and federal court filings and internal complaints is irrelevant because: (1) Plaintiff's claim "is confined to one isolated incident of a rogue collector;" (2) Defendant has provided its training manual to Plaintiff, which shows that Defendant does not have a policy or procedure for improper debt collection; and (3) once Plaintiff notified Defendant of the voice message at issue, Defendant requested the removal of the person who left the message, who was an employee of GC Services Limited Partnership, from any further collections on Defendant's accounts. *Id.* at 1 and 10. Defendant further contends that this request is unduly burdensome because "Verizon does not have a central repository of debt collection complaints filed against it in state or federal court . . . [and] does not have a central repository of historical complaints it received internally for improper collection activity throughout the past five years." *Id.* at 11. Verizon states that "as to federal and state complaints filed against Verizon Wireless, that information is equally available to Plaintiff through a public records search." *Id.* at 12. Plaintiff states that the information is relevant to his claims because they include allegations of a pattern or

---

[1]This request combines Interrogatory Nos. 12, 13 and 23, and Requests for Production Nos. 17, 24, 25 and 26. *See* [*Doc. 80* at 5].

practice by Defendant and that Defendant knew about the third-party collector's actions. [*Doc. 82* at 4-5]. Plaintiff further contends that the information is relevant to rebut Defendant's affirmative defenses. *Id.*

The Court finds that this information is relevant and should be produced. Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

This information appears to be relevant to Plaintiff's claims for respondeat superior liability/apparent authority agency; negligent hiring, retention or supervision; and violation of the New Mexico Unfair Practices Act and the Federal Fair Debt Collection Act. *See* [*Doc. 35* at 3-6]. It also appears to be relevant to Defendant's affirmative defenses of innocent mistake/bona fide error; remedial measures; lack of malice; fault of others; and intervening acts. *See* [*Doc. 36* at 5-6]. The Court finds that this information may lead to the discovery of admissible evidence regarding Defendant's knowledge of the incident at issue in this case, as well as any similar behavior by collections agents, which could be used to prove or disprove Plaintiff's claims and Defendant's affirmative defenses. Defendant's contention that the information is irrelevant because its training manual prohibits such behavior, and because it requested that the agent who allegedly left the voice message be removed from collections activities on its behalf, fails to address the issue of what Defendant knew about collections practices involving its collection agencies, and how it acted when provided with any such information.

Regarding the burden on Defendant to respond to this request, Defendant fails to state with any particularity what it would entail to search for such complaints over the last five years. While Plaintiff could conduct a search of public legal databases for state and federal cases involving Defendant, such a search would not identify cases in which no opinions have been issued or picked up by the reporting services. Defendant's litigation department would have a much more complete history of litigation against it, and the Court finds that, with the limitation to cases filed in the last five years, such a search should not be too burdensome. Likewise, while Defendant states that it does not have a central repository for internal complaints, surely Defendant could conduct a search of its files for the past five years and prepare such a list for Plaintiff. The Court, therefore, will grant Plaintiff's motion to compel concerning this request.

### *2. Request Regarding Whether Defendant is a Licensed Debt Collector*

Defendant states that it has provided Plaintiff information regarding its status as a collection agency under New Mexico state law, and contends that it is not a "debt collector" under the Fair Debt Collections Practices Act (hereinafter "FDCPA"). [*Doc. 80* at 12-13]. Defendant states that because the incident at issue took place in New Mexico, Plaintiff's request for whether Defendant is licensed as a debt collection agency in any other state is irrelevant. Plaintiff states that the information regarding whether or not Defendant is a licensed debt collector is relevant to this action because Defendant has raised the affirmative defense of bona fide error, and "a jury is entitled to know whether or not this Defendant holds its own licenses to collect its debts." [*Doc. 82* at 10].

The Court does not see how this information is relevant to a party's claim or defense in this case. Plaintiff does not cite to, nor does the Court find, any support for a finding that if a company is licensed as a debt collector in another state, that it would necessarily be considered a debt collector in New Mexico. The definition of "debt collector" under the FDCPA "means any person

who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose* of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*," or a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6) (emphasis added). The issues in this case involved a call concerning a debt owed to Defendant, and the Court does not find any allegation by Plaintiff that the principal purpose of Defendant's business is the collection of debts, that Defendant has engaged in collecting debts owed to another, or that Defendant, in the process of collecting its own debts, has used the name of another to indicate that a third person is attempting to collect its debts. Defendant, instead, asserts that the person who made the call at issue was "an employee of GC Services Limited Partnership . . . a third party collection agency retained to collect on Plaintiff's delinquent Verizon Wireless account." [*Doc. 80* at 1]. Moreover, Plaintiff does not explain why information regarding whether or not Defendant is a debt collector, licensed or otherwise, in any state other than New Mexico is necessary to prove any of its claims, or how it would rebut Defendant's defense of bona fide error. The most Plaintiff states is that "[t]hrough discovery Plaintiff was provided several pages of confidential contracts which *may implicate* Defendant Verizon Wireless as a debt collector under the definition cited above and under the various other statutes and causes of action alleged." [*Doc. 82* at 11] (emphasis added). This is mere speculation which is insufficient to make the requisite showing of relevance to Plaintiff's claims. In any event, it would only be relevant as to whether Defendant is a collection agency in New Mexico, and Defendant has responded that "Verizon Wireless is not a 'collection agency' even under New Mexico law." [*Doc. 80* at 13]. For these reasons, the Court finds that this request is

irrelevant to the claims and defenses in this case and Plaintiff's motion to compel Defendant's response to this request should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Compel Defendant Verizon Wireless (VAW) LLC to Fully Respond to Plaintiff's Discovery Requests (Doc. 64)* is **GRANTED in part** and **DENIED in part**, as set forth herein.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**